UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PAUL RICE,<br><br>    Plaintiff,<br><br>    v.<br><br>MIAMI CORRECTIONAL FACILITY,<br>et al.,<br><br>    Defendants. | CAUSE NO. 3:21-CV-583-JD-MGG |

OPINION AND ORDER

Paul Rice, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 5.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because he is proceeding without counsel, the court must give his complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Rice is an inmate at Westville Correctional Facility. He alleges that the Indiana Department of Correction and Indiana Auditor Tera K. Klutz have been

"deducting money from my prison paychecks that they are not legally entitled to obtain." He does not fully explain the reason for the deductions, but it can be discerned from public records that he and another man were convicted of burglarizing a woman's home and that as part of his sentence, he was ordered to pay her $9,500 in restitution.[1] *See State v. Rice*, No. 70C01-1301-FB-00022 (Rush Cir. Ct. order dated Feb. 18, 2014); *see also Lynn v. State*, 6 N.E.3d 506 (Table), 2014 WL 817775, at *1-2 (Ind. Ct. App. Feb. 28, 2014) (describing burglary committed by Mr. Rice and his co-defendant, James Lynn). He attaches documentation showing that money has been deducted from his state pay for payments to the victim. He believes the deductions are a violation of his constitutional rights and seeks return of the money, along with an award of punitive damages. He names as defendants the Indiana Department of Correction, Auditor Klutz, and Miami Correctional Facility, where he was previously incarcerated.

The Eleventh Amendment prevents Mr. Rice from suing the Indiana Department of Correction and Auditor Klutz for damages in federal court. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). Additionally, Miami Correctional Facility is a building, not a "person" that can be sued for constitutional violations under 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Therefore, he has not named any viable defendant. Even if he could overcome this problem, this court has no authority to alter

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018). The docket in the criminal case reflects that Mr. Rice has filed multiple motions seeking to modify his sentence, all of which were denied. He also appealed to the Indiana Court of Appeals, but his appeal was dismissed.

2

or vacate the restitution award in his state criminal case in this civil rights lawsuit. The only means of challenging a state conviction in federal court is through habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973).

Mr. Rice has already been afforded one opportunity to amend his complaint, and the court finds no basis to conclude that if given another opportunity, he could assert a viable constitutional claim, consistent with the allegations he has already made under penalty of perjury. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009).

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A and DIRECTS the clerk to close the case.

SO ORDERED on September 21, 2021.

                                                   s/ JON E. DEGUILIO
                                                 CHIEF JUDGE
                                                 UNITED STATES DISTRICT COURT